IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COOPER ZUNIGA, <br>    PLAINTIFF, <br><br> V. <br><br> CHRISTY REYNOLDS, <br> JP MORGAN CHASE BANK, <br> WELLS FARGO BANK, NA, AND <br> PRUDENTIAL INSURANCE COMPANY <br> OF AMERICA <br>    DEFENDANTS. | § § § § § § § § § § § § | CASE NO. 1:23-cv-01279 <br><br><br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Cooper Zuniga ("Zuniga" or "Plaintiff"), by and through his attorneys, for his Complaint against Christy Reynolds ("Reynolds"), JP Morgan Chase Bank ("Chase"), Wells Fargo Bank, NA ("Wells Fargo"), and Prudential Insurance Company of America ("Prudential") (collectively "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for Conversion under Tex. Bus. & Com. Code § 3.420, for Texas State actions for money had and received, unjust enrichment, common law fraud, negligence, and breach of contract. This action arises out of Defendant Reynolds' unauthorized deposit of checks payable to Plaintiff, Defendants Chase's and Wells Fargo's conversion of the monies pursuant to Tex. Bus. & Com. Code § 3.420, and Defendant Prudential's breach of its contract with Plaintiff.

1

## The Parties

2. Zuniga is an individual who is a resident of the State of Washington, with a residential address at 3319 East Grandview Avenue, Tacoma, Washington 98404.

3. Defendant Reynolds is an individual who is a resident of the State of Texas, and may be served at 1017 Mohican, Round Rock, TX 78665, or wherever she may be found.

4. Defendant Chase is a corporation with its principal place of business in the State of New York, doing business in the State of Texas and may be served by and through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

5. Defendant Wells Fargo is a corporation with its principal place of business in the State of California, doing business in the State of Texas and may be served by and through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, or wherever it may be found.

6. Defendant Prudential is a corporation with its principal place of business in the State of New Jersey, doing business in the State of Texas and may be served by and through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

7. Collectively, Reynolds, Chase, Wells Fargo, and Prudential are herein referred to as Defendants.

## Jurisdiction and Venue

8. This is a civil action for Conversion under Tex. Bus. & Com. Code § 3.420, for Texas State actions for money had and received, unjust enrichment, common law fraud, negligence,

and breach of contract.

9. There is complete diversity of citizenship between all Plaintiffs and all Defendants in this case. The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332 and/or 1367(a).

10. This Court has personal jurisdiction over Defendant Reynolds because Defendant Reynolds is domiciled in this District and the State of Texas.

11. This Court has personal jurisdiction over Defendants Chase, Wells Fargo, and Prudential because Defendants Chase, Wells Fargo, and Prudential conduct business in the State of Texas, including providing banking services in the State of Texas.

12. Venue in this Judicial District is proper under 28 U.S.C. §1391, given that a substantial part of the acts, omissions, and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of Texas and this Judicial District.

## FACTUAL BACKGROUND

13. In 2004, Plaintiff was injured as a child.

14. In 2006, Plaintiff was designated as beneficiary of a settlement paid out from Western Heritage Insurance Company through an annuity contract ("the Settlement") with Prudential dated January 20, 2006, naming "Claimant" as Zuniga, a minor at the time, by his parent Reynolds. A true and correct copy of the Settlement is attached hereto as **Exhibit A**.

15. Reynolds is not specified as a payee in the Settlement, and, at the time of the unlawful acts and unlawful transactions alleged herein, was not an agent of Zuniga and did not have power or authority to act in the name of Zuniga for any purposes.

3

16. In January of 2020, Zuniga moved to Seattle and took up residence in Seattle as his first duty station after completing military basic training.

17. Prudential issued the first payment due under the Settlement on March 16, 2020 in the amount of $10,000.00 to Zuniga by instructing the drawee bank, Wells Fargo, to issue said check to Zuniga. Reynold's took the check, check number 3750250442, and deposited this check to her account at a Chase bank location in Round Rock, Texas or, alternatively, cashed this check with a Chase bank location in Round Rock, Texas. On information and belief, Reynolds endorsed the check fraudulently by forging Zuniga's signature. Reynolds did not disclose this payment nor any other terms of the Settlement to Zuniga. Reynolds was not an agent of Zuniga and did not have power or authority to act in the name of Zuniga for any purposes.

18. On July 1, 2020, Prudential issued the first of 60 periodic payments to Zuniga in the amount of $1,000.00 by instructing the drawee bank, Wells Fargo, to issue said check to Zuniga. This payment was again sent to Reynolds' address for the aforementioned reasons. Reynolds informed Zuniga that the Settlement was going to pay him $1,000.00 per month and Reynolds deposited the check in the amount of $1,000.00 into Zuniga's account without disclosing the other terms of the Settlement to Zuniga. Reynolds was not an agent of Zuniga and did not have power or authority to act in the name of Zuniga for any purposes.

19. On July 1, 2020, Prudential also issued the first of ten periodic payments in the amount of $12,500.00 by instructing the drawee bank, Wells Fargo, to issue said check to Zuniga. Again, this payment was sent to Reynolds' address for the aforementioned reasons. Reynolds informed Zuniga that the Settlement had paid this check to him, and another would be paid in four years. Reynolds deposited this check in the amount of $12,500.00 into Zuniga's account without disclosing the other terms of the Settlement to Zuniga. Reynolds was not an agent of Zuniga and did not have

power or authority to act in the name of Zuniga for any purposes.

20. Reynolds continued to deposit these monthly checks in the amount of $1,000.00 into Zuniga's account.

21. Reynolds also received, forged the signature, and deposited into her account a total of seven checks ("Forged Checks") listed in the table below without informing Zuniga of the terms of the Settlement or disclosing the deposits of monies she unlawfully took from him without his knowledge. Reynolds forged Zuniga's signature on all Forged Checks and deposited them into her account at Chase Bank. Zuniga was not a co-owner on the account that Reynolds deposited the Forged Checks into. Reynolds was not an agent of Zuniga and did not have power or authority to act in the name of Zuniga for any purposes.

22. In all, the following are the list of the checks that were deposited by Reynolds, which Chase and Wells Fargo improperly paid, and which Prudential is still obligated to pay to Plaintiff pursuant to the terms of the Settlement:

| Amount | Date | Check number |
| --- | --- | --- |
| **$10,000** | March 16, 2020 | 3750250442 |
| **$12,500** | January 1, 2021 | 3750267670 |
| **$12,500** | July 1, 2021 | 3750278072 |
| **$12,500** | January 1, 2022 | 3750288609 |
| **$12,500** | July 1, 2022 | 3750298717 |
| **$12,500** | January 1, 2023 | 3750308895 |
| **$12,500** | July 1, 2023 | 3750318648 |
|  |  |  |
| **$85,000** | **Total** |  |

23. On four of the Forged Checks, Reynolds included her account number. On information and belief, Chase did not verify the identity of Reynolds when she deposited the Forged Checks, nor did they verify that the deposit account holder's name, *i.e.*, Reynolds, matched the payee names on the checks, *i.e.*, Zuniga.

24. On July 20, 2023 Plaintiff received a call suggesting he restructure his annuity payments. The caller specifically asked Zuniga what he had done with the most recent $12,500 payment. Zuniga did not know of the recent payments of $12,500. Upon further investigation, Plaintiff discovered the full terms of the Settlement, outlined in the tables below and attached hereto as **Exhibit A.** Plaintiff confronted Reynolds and discovered she had taken the checks, properly payable to him, forged Zuniga's signature on the checks each time they were delivered, and deposited those funds into her account.

| Periodic Amount | First Payment Date | Last Guaranteed Payment Date | Periodic Date | Guarantee Period |
|---|---|---|---|---|
| $1,000.00 | July 1, 2020 | June 1, 2025 | 1st day of each month | 5 years |
| $12,500 | July 1, 2020 | January 1, 2025 | July 1 and January 1 of each year | 5 years |

25. Additionally, lump sums would be paid out according to the following:

| Lump Sum Payment Amounts(s) | Payment Date |
|---|---|
| $10,000 | March 16, 2020 |
| $13,000 | March 16, 2025 |
| $19,136 | March 16, 2027 |

26. The Settlement expressly designates Payee as Cooper A. Reynolds-Zuniga for all payments.

27. Plaintiff filed a fraud claim with Prudential on or about July 2023. Prudential responded that they would not pay out the money owed to Plaintiff.

<u>COUNT 1</u>
<u>AS AGAINST CHASE AND WELLS FARGO, CONVERSION</u>
<u>PURSUANT TO TEX. BUS. & COM. CODE § 3.420</u>

28. Zuniga realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

29. Chase bank paid Reynolds on each of the Forged Checks as the depositary bank.

30. Wells Fargo made payment with respect to each of the Forged Checks as the drawee bank.

31. Reynolds is a person not entitled to enforce the instruments or to receive payment for the Forged Checks.

32. Because Chase, as the depositary bank, and Wells Fargo, as the drawee bank, converted the instrument represented by the Forged Checks because they took by transfer from a person not entitled to enforce the instrument or made or obtained payment with respect to the instrument for a person not entitled to enforce the instrument or received payment in the amount of $85,000 to Reynolds, this Court should find Chase and Wells Fargo liable for conversion pursuant to Tex. Bus. & Com. Code § 3.420.

## COUNT 2
### AS AGAINST CHASE, NEGLIGENCE

33. Zuniga realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

34. Chase, as the depositary bank, was the first bank in the collection chain for the Forged Checks, and were in the best position to ensure the endorsements and deposits were authentic.

35. Chase owed Plaintiff a duty of ordinary care in paying or taking an instrument, the duty necessarily includes ensuring endorsements are authentic on checks which are payable to Plaintiff.

36. Upon information and belief, Chase did not verify the deposit account information presented with the Forged Checks information, namely the Account holder name with the Payee name, and, consequently, paid the amount on the Forged Checks to Reynolds.

37. Reynolds is not and was not an agent of Plaintiff, and payment of the Forged Checks to

Reynolds has legally and proximately caused damage to Plaintiff in the amount of $85,000 that he is properly owed.

38. Because Chase owed a duty to Plaintiff to exercise ordinary care in paying the Forged Checks, and because Chase breached the duty by improperly paying Reynolds, and because by paying Reynolds, Chase deprived Plaintiff of money he is properly owed under the Forged Checks, this Court should find Chase liable for common law negligence.

**COUNT 3**
**AS AGAINST CHASE AND REYNOLDS,**
**MONEY HAD AND RECEIVED**

39. Zuniga realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

40. Reynolds deposited the Forged Checks into her bank account at Chase, therefore holding money.

41. The Forged Checks are made payable to Plaintiff only, therefore in equity and good conscience, the money belongs to Plaintiff.

42. Therefore, upon this belief, Defendant Reynolds is retaining money that in equity belongs to Plaintiff and this Court should find Reynolds liable for Money had and received under Texas law.

43. Upon information and belief, Chase retained the funds received from Wells Fargo as the payor bank on the Forged Checks, therefore holding money which is due to Plaintiff.

44. The Forged Checks are made payable to Plaintiff only, therefore in equity and good conscience, the money belongs to Plaintiff.

45. Because Defendant Chase holds money which in equity and good conscience belong to

Zuniga, this Court should find them liable for money had and received.

## COUNT 4
### AS AGAINST PRUDENTIAL, BREACH OF CONTRACT

46. Zuniga realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

47. Western Heritage Insurance Company, as the issuer, entered into the Settlement with Prudential, the Owner, for the express benefit of Zuniga, the beneficiary. Zuniga is the intended third-party beneficiary to the Settlement because the Settlement expressly identifies Zuniga as the recipient of the benefits of their promises made in the Settlement.

48. Pursuant to the Settlement, Prudential promised to pay Zuniga certain periodic payments in accordance with the payment schedule contained in the Settlement. This promise creates a duty in the promisor to Zuniga, the beneficiary of the Settlement, to perform the promise.

49. Because Zuniga is the express intended beneficiary of the promise represented by the Settlement, Zuniga may enforce the duty as a third-party beneficiary to the Settlement.

50. Prudential has not performed under the Settlement because the Forged Checks were not properly paid to Zuniga.

51. Because Zuniga is the third-party beneficiary to the Settlement, and because Prudential has not performed its duty pursuant to the Settlement, this Court should find that Prudential breached its contract with Western Heritage Insurance Company by failing to properly pay Zuniga, and that Prudential continues to be obligated to pay to Zuniga the amounts represented by the Forged Checks in the amount of $85,000.00.

## COUNT 5
### AS AGAINST REYNOLDS, COMMON LAW FRAUD

52. Zuniga realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

53. Reynolds owed a duty to disclose the Settlement information to Plaintiff once he turned 18, due to Plaintiff being a minor at the time of signing.

54. Reynolds created a substantially false impression on Zuniga by only partially disclosing information about the Settlement.

55. Because Reynolds deliberately remained silent about the full settlement terms and the Forged Checks, it can be presumed that Reynolds had the requisite intent to commit fraud and likewise intended for Plaintiff to act without information.

56. The information was material because Plaintiff was unaware that he was meant to receive the Forged Checks, and being unaware of the terms of the Settlement meant he was unable to ever inquire or be prepared to receive the larger sums of money from Prudential.

57. Plaintiff reasonably and justifiably relied on Reynold's information because of the familial relationship between the two.

58. Reynolds proximately caused injury to Plaintiff by deliberately remaining silent about the full terms of the Settlement, resulting in the loss of money owed to him.

59. Because Defendant Reynolds knowingly made material representations that were false and induced Zuniga to act on those misrepresentations resulting in damages, this Court should find Reynolds liable for common law fraud.

## COUNT 6
### AS AGAINST REYNOLDS, UNJUST ENRICHMENT

60. Zuniga realleges and incorporates by reference herein each of the foregoing paragraphs as

if fully set forth herein.

61. Reynolds has taken undue advantage of Plaintiff by taking the Forged Checks.

62. Reynolds is benefiting at the expense of Plaintiff.

63. Because Reynolds has obtained benefit from the Forged Checks by taking undue advantage of Plaintiff, this Court should find that Reynolds has been unjustly enriched.

## **JURY DEMAND**

64. Zuniga hereby requests a trial by jury on all matters to which it is entitled pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. that Defendant Chase is liable for conversion under Tex. Bus. & Com. Code § 3.420, for common law negligence, and for money had and received;
2. that Defendant Wells Fargo is liable for conversion under Tex. Bus. & Com. Code § 3.420;
3. that Defendant Reynolds is liable for common law fraud, unjust enrichment, and money had and received;
4. that Defendant Prudential is liable for breach of contract and continues to be obligated to properly perform the promises made for the benefit of Zuniga pursuant to the Settlement;
5. order Defendants be required to pay to Plaintiff the damages Plaintiff has sustained in consequence of Defendants' conversion, negligence, money had and received, common law fraud, unjust enrichment, and breach of contract and to account for gains, profits, and

advantages derived by Defendants by the taking of Plaintiff's money or the damages that the court deems proper within the provisions of the state statutes; and

6. awarding such other and further relief as this Court deems just and proper.

DATED this 20th day of October, 2023.

                                                        Respectfully submitted,

                                                       /s/ Artie Pennington
Artie Pennington
State Bar No. 24090324
aap@artiepenningtonlaw.com
Artie Pennington Law Offices, PLLC
154 Elmhurst Dr., Ste. B
Kyle, TX 78640
Phone: (512) 646-0475
Fax: (512) 233-2699

ATTORNEYS FOR PLAINTIFF