# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **COOPER ZUNIGA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:23-CV-01279-DII** |
| | § | |
| **CHRISTY REYNOLDS,  JP** | § | |
| **MORGAN CHASE BANK,  WELLS** | § | |
| **FARGO, NA,  PRUDENTIAL** | § | |
| **INSURANCE COMPANY OF** | § | |
| **AMERICA,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss, Dkt. 19. After reviewing the relevant pleadings and caselaw, the undersigned recommends that the motion be granted.

### I.    BACKGROUND

In 2004, Plaintiff Cooper Zuniga was injured as a child. Dkt. 2, at 3.[1] In 2006, Zuniga was designated as beneficiary of a settlement paid out from Western Heritage Insurance Company through an annuity contract with Prudential dated January 20, 2006, naming "Claimant" as Zuniga, a minor at the time, by his parent Christy Reynolds. *Id.* Reynolds is not specified as a payee on the Settlement, and at the time

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Zuniga's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

of the acts alleged in Zuniga's Complaint, she was not an agent of Zuniga and did not have power or authority to act in Zuniga's name. *Id.*

Prudential issued the first payment due under the settlement on March 16, 2020, in the amount of $10,000.00 to Zuniga by instructing the drawee bank, Wells Fargo, to issue that check to Zuniga. *Id.* at 4. Reynolds took the check and deposited it to her account at a Chase bank in Round Rock, Texas, or alternatively cashed it. *Id.* Reynolds endorsed the check fraudulently by forging Zuniga's signature. *Id.* Reynolds did not disclose this payment or any other terms of the Settlement to Zuniga. *Id.*

This pattern repeated itself. Reynolds received, forged the signature for, and deposited into her account a total of seven checks ("Forged Checks") without informing Zuniga of the terms of the settlement or disclosing her deposits to Zuniga. *Id.* at 5. All Forged Checks were deposited at Chase. *Id.* The Forged Checks amounted to $85,000. *Id.* Chase did not verify the identity of Reynolds when she deposited the Forged Checks, nor did it verify that the deposit account holder's name, Reynolds, matched the payee names on the checks, Zuniga. *Id.*

On July 20, 2023, Zuniga received a call suggesting he restructure his annuity payments, asking what Zuniga had done with his most recent $12,500 payment. *Id.* at 6. Zuniga did not know about that payment, so he investigated, eventually discovering the full terms of the Settlement and Reynolds's fraud. *Id.* Zuniga sued Chase, among other parties, alleging (1) conversion pursuant to Tex. Bus. & Com.

Code § 3.420, (2) negligence, and (3) money had and received. *Id*. at 6-9. Chase then filed a Motion to Dismiss, Dkt. 19, now before the undersigned for consideration.

## II.    LEGAL STANDARDS

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its

3

proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.    DISCUSSION

### A.    Statutory Conversion Claim

Zuniga brings a claim for conversion against Chase pursuant to Tex. Bus. & Com. Code § 3.420. *See* Dkt. 2, at 6-7. That provision states that "[a]n action for conversion of an instrument may *not* be brought by: (1) the issuer or acceptor of the instrument; or (2) a payee or indorsee *who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.*" (emphasis added). *See Miller-Rogaska, Inc. v. Bank One, Tex., N.A.*, 931 S.W.2d 655 (Tex. App.—Dallas 1996, no writ) (dismissing § 3.420 claim where plaintiff was not a holder of an instrument because the check was mistakenly mailed to another individual); *see also* Tex. Bus. & Com. Code § 1.201(21)(A) (defining "holder" as "the person in possession

of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession").

Zuniga failed to allege that he received delivery of the instruments, instead alleging only that Reynolds "took the check." Dkt. 2, at 4. And Zuniga admits that Reynolds was not his agent or co-payee. *Id.* at 3-4. As a result, Zuniga was never a "holder," as that term is defined in § 1.201(21)(A), of the instruments at issue, as they was not delivered to him, and he never had possession of them. Accordingly, Zuniga may not bring a claim under § 3.420.

Zuniga argues that he had constructive possession of the checks because they were submitted to the mailbox at the address on file, which was Zuniga's last known address. Dkt. 23, at 5. But the Complaint does not reference any "address on file," only that certain checks were sent to Reynolds's address. Dkt. 2, at 4. Zuniga's Complaint makes no reference to any mailbox, but instead simply notes that Reynolds "took the check" and that later checks were sent to "Reynolds' address." *Id.* Zuniga's Response to the Motion to Dismiss is the first time he mentions Reynolds's mailbox being his own. "It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Def. Distributed & Second Amendment Found., Inc. v. U.S. Dep't of State*, No. 1:18-CV-637-RP, 2023 WL 2544334, at *5 (W.D. Tex. Mar. 15, 2023) (quotation omitted).

Accordingly, the undersigned finds that Zuniga's Complaint does not allege that he was in actual or constructive possession of the checks. He is therefore "a payee or indorsee who did not receive delivery of the instrument either directly or through

delivery to an agent or a co-payee." Tex. Bus. & Com. Code § 3.420. As a result, Zuniga may not bring an action under § 3.420, and the undersigned recommends dismissing this cause of action.

### B.    Common-Law Claims

Chase first argues that Zuniga's claims for money had and received and negligence (the "common-law claims") are preempted by the Uniform Commercial Code (UCC). "Common law claims exist only to the extent they do not conflict with Code provisions." *Mazon Associates, Inc. v. Comerica Bank*, 195 S.W.3d 800, 804 (Tex. App.—Dallas 2006, no pet.). Against the statutory backdrop of the UCC, "any common law theory of recovery that allows a plaintiff to exceed the maximum amount of liability as stated in [UCC] section 3.420 is preempted." *AMX Enterprises, Inc. v. Bank One, N.A.*, 196 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

#### 1.    Money had and received

In Texas, money had and received is an equitable theory under which a bank that "accepts a check on another bank on a forged indorsement acquires no title thereto, and holds the proceeds thereof, when collected from the drawee bank, for the rightful owner, who may recover from the collecting bank as for money had and received, even though such bank has fully paid over and accounted for the same to the forger without knowledge or suspicion of the forgery." *Peerless Ins. Co. v. Tex. Commerce Bank–New Braunfels, N.A.*, 791 F.2d 1177, 1179 (5th Cir. 1986). "Money

6

had and received is a common law claim." *Am. Dream Team, Inc. v. Citizens State Bank*, 481 S.W.3d 725, 733 (Tex. App.—Tyler 2015, pet. denied).

Money had and received is not listed as a cause of action that supplements the UCC. *See* Tex. Bus. & Com. Code § 1.103(b). As noted above, § 3.420 provides that "[a]n action for conversion of an instrument may not be brought by: (1) the issuer or acceptor of the instrument; or (2) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee." Accordingly, § 3.420 would provide no liability for Chase, since Zuniga never received delivery of the instrument. *See supra* at 4-6. As a result, courts have held that the common-law cause of action for money had and received has been preempted by Chapter 4 of the UCC. *See Am. Dream Team*, 481 S.W.3d at 733 ("Therefore, the common law cause of action for money had and received has been supplanted by Chapter 4 of the UCC."). The undersigned finds that reasoning persuasive, particularly given that Chase is not liable under § 3.420. The undersigned therefore recommends that Zuniga's cause of action for money had and received against Chase be dismissed.[2]

### 2.    Negligence

In Texas, negligence is a common-law claim that allows recovery where there is "existence of a legal duty, breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d

---

[2] Because that is enough to resolve this case, the undersigned makes no recommendation with respect to Chase's additional arguments that Zuniga fails to state a claim for money had and received, or that certain damages are barred by the applicable statute of limitations.

794, 798 (Tex. 2004). Negligence, like money had and received, is not listed as a cause of action that supplements the UCC. *See* Tex. Bus. & Com. Code § 1.103(b). "When the UCC applies, common-law claims that conflict with the UCC are precluded." *Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n*, 462 S.W.3d 128, 138 (Tex. App.—Houston [1st Dist.] 2015, no pet.). As a result, courts in Texas have held that claims of negligence are preempted by the UCC in similar situations. *See Moody Nat'l Bank v. Tex. City Dev. Ltd., Co.*, 46 S.W.3d 373, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (holding that negligence claim was preempted by the UCC article on fund transfers).

Zuniga's negligence claim conflicts with the express provisions laid out in § 3.420, in particular, the provision stating that "[a]n action for conversion of an instrument may not be brought by: (1) the issuer or acceptor of the instrument; or (2) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee." *See supra* at 4-6. The undersigned therefore recommends dismissing Zuniga's claim of negligence.[3]

### IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Chase's Motion to Dismiss, Dkt. 19. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Judge's docket and returned to the docket of the District Judge.

---

[3] Because that is enough to resolve this case, the undersigned makes no recommendation with respect to Chase's additional arguments that Zuniga fails to state a claim for negligence, or that certain damages are barred by the applicable statute of limitations.

## V.      WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED July 18, 2024.


_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE