# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **COOPER ZUNIGA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1-23-CV-01279-DII** |
| | § | |
| **CHRISTY REYNOLDS, JP** | § | |
| **MORGAN CHASE BANK, WELLS** | § | |
| **FARGO, NA, PRUDENTIAL** | § | |
| **INSURANCE COMPANY OF** | § | |
| **AMERICA,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss, Dkt. 21. After reviewing the relevant pleadings and the caselaw, the undersigned recommends that the motion be granted.

## I.    BACKGROUND

In 2004, Plaintiff Cooper Zuniga was injured as a child. Dkt. 2, at 3.[1] In 2006, Zuniga was designated as beneficiary of a settlement paid out from Western Heritage Insurance Company through an annuity contract with Prudential dated January 20, 2006, naming "Claimant" as Zuniga, a minor at the time, by his parent Christy Reynolds. *Id.* Reynolds is not specified as a payee on the Settlement, and at the time

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Zuniga's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

1

of the acts alleged in Zuniga's complaint, she was not an agent of Zuniga and did not have power or authority to act in Zuniga's name. *Id.*

Prudential issued the first payment due under the Settlement on March 16, 2020, in the amount of $10,000.00 to Zuniga by instructing the drawee bank, Wells Fargo, to issue that check to Zuniga. *Id.* at 4. Reynolds took the check and deposited it to her account at a Chase bank in Round Rock, Texas, or alternatively cashed it. *Id.* Reynolds endorsed the check fraudulently by forging Zuniga's signature. *Id.* Reynolds did not disclose this payment or any other terms of the Settlement to Zuniga. *Id.*

This pattern repeated itself. Reynolds received, forged the signature, and deposited into her account a total of seven checks ("Forged Checks") without informing Zuniga of the terms of the settlement or disclosing her deposits to Zuniga. *Id.* at 5. All Forged Checks were deposited at Chase. *Id.* The Forged Checks amounted to $85,000. *Id.* Chase did not verify the identity of Reynolds when she deposited the Forged Checks, nor did it verify that the deposit account holder's name, Reynolds, matched the payee names on the checks, Zuniga. *Id.*

On July 20, 2023, Zuniga received a call suggesting he restructure his annuity payments, asking what Zuniga had done with his most recent $12,500 payment. *Id.* at 6. Zuniga did not know about that payment, so he investigated, eventually discovering the full terms of the Settlement and Reynolds's fraud. *Id.* Zuniga sued Wells Fargo, among other parties, alleging conversion pursuant to Tex. Bus. & Com.

Code § 3.420. Wells Fargo then filed a Motion to Dismiss, Dkt. 21, now before the undersigned for consideration.

## II.    LEGAL STANDARDS

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its

proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.    DISCUSSION

Zuniga brings a claim for conversion against Wells Fargo pursuant to Tex. Bus. & Com. Code § 3.420. *See* Dkt. 2, at 6-7. That provision states that "[a]n action for conversion of an instrument may *not* be brought by: (1) the issuer or acceptor of the instrument; or (2) a payee or indorsee *who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee*." (emphasis added). *See Miller-Rogaska, Inc. v. Bank One, Tex., N.A.*, 931 S.W.2d 655 (Tex. App.—Dallas 1996, no writ) (dismissing § 3.420 claim where plaintiff was not a holder of an instrument because the check was mistakenly mailed to another individual); *see also* Tex. Bus. & Com. Code § 1.201(21)(A) (defining "holder" as "the person in possession

of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession").

Zuniga failed to allege that he received delivery of the instruments, instead alleging only that Reynolds "took the check." Dkt. 2, at 4. And Zuniga admits that Reynolds was not his agent or co-payee. *Id.* at 3-4. As a result, Zuniga was never a "holder" as that term is defined in § 1.201(21)(A), of the instruments at issue, as they were not delivered to him and he never had possession of them. Accordingly, Zuniga may not bring a claim under § 3.420.

Zuniga argues that he had constructive possession of the checks because they were submitted to the mailbox at the address on file, which was Zuniga's last known address. Dkt. 24, at 2. But the Complaint does not reference any "address on file," only that certain checks were sent to Reynolds's address. Dkt. 2, at 4. Zuniga's Complaint makes no reference to any mailbox, but instead simply notes that Reynolds "took the check" and that later checks were sent to "Reynolds' address." *Id.* Zuniga's Response to the Motion to Dismiss is the first time he mentions Reynolds's mailbox being his own. "It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Def. Distributed & Second Amendment Found., Inc. v. U.S. Dep't of State*, No. 1:18-CV-637-RP, 2023 WL 2544334, at *5 (W.D. Tex. Mar. 15, 2023) (quotation omitted).

Accordingly, the undersigned finds that Zuniga's Complaint does not allege that he was in actual or constructive possession of the checks. He is therefore "a payee or indorsee who did not receive delivery of the instrument either directly or through

delivery to an agent or a co-payee." Tex. Bus. & Com. Code § 3.420. As a result, Zuniga may not bring an action under § 3.420, and the undersigned recommends dismissing this cause of action.[2]

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Wells Fargo's Motion to Dismiss, Dkt. 21. **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Judge's docket and returned to the docket

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

[2] Because this is enough to resolve the case, the undersigned makes no recommendation with respect to Wells Fargo's statute of limitations argument.

SIGNED July 18, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE